UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

## CIVIL MINUTES - GENERAL

| Case No. | SACV 11-1751 CAS (AJWx) | Date | July 29, 2013 |
|---|---|---|---|
| Title | NIVEEN ISMAIL V. COUNTY OF ORANGE, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Alvin Gomez | Allen Christiansen |
| | Peter Ferguson |

**Proceedings:**     DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(Docket #92, filed March 21, 2013)

## I.     INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff filed this case in this Court on November 14, 2011, asserting claims for malicious prosecution and wrongful arrest pursuant to 42 U.S.C. § 1983 and related state laws.  Following a combination of joint stipulations and voluntary dismissals, plaintiff filed a Second Amended Complaint on August 8, 2012, naming as defendants the City of Newport Beach ("Newport Beach"), the County of Orange ("Orange County"), Detective Penny Freeman of the Newport Beach Police Department ("Freeman"), Officer Neil Schuster of the Newport Beach Police Department ("Schuster"), and Deputy Orange County District Attorney Elizabeth Costello.

By order dated October 18, 2012, the Court dismissed all federal claims against Elizabeth Costello under the doctrines of state sovereign immunity and absolute prosecutorial immunity, and declined to exercise jurisdiction over the related state law claims.  Dkt. #79 at 6 – 11.  Additionally, the Court dismissed all federal claims against Orange County.  The vicarious liability claims against Orange County were dismissed because no claims remained against any Orange County employees.  With respect to the direct liability claims, the Court observed that a plaintiff can only maintain a claim for direct liability against a county under section 1983 if the plaintiff alleges unconstitutional action pursuant to a policy, ordinance, regulation, or decision officially adopted by the county, and concluded that plaintiff had not alleged specific facts giving rise to a plausible inference that any alleged unconstitutional conduct took place pursuant to an Orange County policy.  Id. at 11 – 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                        O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-1751 CAS (AJWx) | Date | July 29, 2013 |
|----------|-------------------------|------|---------------|
| Title | NIVEEN ISMAIL V. COUNTY OF ORANGE, ET AL. | | |

Additionally, by order dated October 30, 2012, the Court dismissed all federal claims against Newport Beach. Dkt. # 80. In its order, the Court observed that in order to assert a claim against a city under section 1983, a plaintiff must identify unconstitutional action pursuant to an official policy. To satisfy this requirement, plaintiff had alleged that Newport Beach failed to adequately train its police officers. The Court acknowledges that failure to train city employees can "rise to the level of an official government policy for purposes of section 1983," but only where the failure to train amounts "to deliberate indifference to the rights of persons with whom the untrained employees come into contact." Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011). Applying this principle, the Court dismissed the claim because it found that plaintiff had not alleged sufficient facts giving rise to a plausible inference that Newport Beach failed to train police officers in deliberate indifference to the rights of individuals similarly situated to plaintiff. Dkt. # 80 at 7 – 9.

The Court did not, however, dismiss the claims against individual police officers Freeman and Schuster. Subsequently, plaintiff filed a Third Amended Complaint ("TAC"), which alleges claims against Freeman and Schuster for wrongful arrest and excessive bail. On March 21, 2013, defendants filed a motion for summary judgment. Plaintiff filed an opposition on April 22, 2013, and defendants replied on April 30, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

This action arises out of plaintiff's arrest, prosecution, and subsequent acquittal for allegedly soliciting private investigators to kidnap her biological son and transport him out of the country. The events underlying this case began when, at some point prior to July 2009, plaintiff lost custody of her biological son. Defendants' Statement of Undisputed Facts ("Def SUF") ¶ 16; Plaintiff's Statement of Genuine Disputes ("Ptf SGD") ¶ 16. Subsequently, her son was placed in foster care, and his foster parents became interested in formally adopting him. Id.

Frightened by the prospect of her son's adoption, plaintiff contacted Robert Young ("Young"), a licensed private investigator, and met with him on November 30, 2009. Def SUF ¶ 3 – 4; Ptf SGD ¶ 3 – 4. Following this meeting, Young contacted the police, and spoke to Detective Freeman. Id. Young told Freeman that plaintiff wanted to regain custody over her son, and had discussed two possible plans for doing this. Def SUF ¶ 5 –

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-1751 CAS (AJWx) | Date | July 29, 2013 |
|---|---|---|---|
| Title | NIVEEN ISMAIL V. COUNTY OF ORANGE, ET AL. | | |

6; Ptf SGD ¶ 5 – 6.  Plaintiff's first plan was for Young to uncover information that would cast her son's foster parents in a negative light.  The second plan plaintiff discussed, according to Young, was having Young abduct her son and return him to plaintiff at a location outside of the United States.  Def SUF ¶ 7; Ptf SGD ¶ 7.  Young also provided Freeman several other details about plaintiff's appearance, demeanor, and personal history.  Def SUF ¶¶ 9 – 14; Ptf SGD ¶¶ 9 – 14.

After speaking with Young, Detective Freeman contacted Orange County Child Protective Services for information regarding plaintiff and her son.  Def SUF ¶ 15; Ptf SUF ¶ 15.  Freeman learned that plaintiff had lost custody over her son and that her son's foster parents were in the process of adopting him.  Def SUF ¶ 16; Ptf SUF ¶ 16.  After learning this information, Detective Freeman sought to confirm what Young had said about plaintiff's plans to kidnap her son.  Def SUF ¶ 19; Ptf SUF ¶ 19.  To do so, Detective Freeman decided to conduct an undercover operation.  Id.  This undercover operation was to function as follows.  Young would arrange a follow-up meeting with plaintiff, and a police officer, Detective Schuster, would attend the meeting posing as Young's partner.  Additionally, the plan called for Schuster to surreptitiously record the conversation.  Def SUF ¶¶ 20 – 21; Ptf SGD ¶¶ 20 – 21.

A meeting between plaintiff, Young, and Schuster took place on December 4, 2009.  Def SUF ¶ 25; Ptf SUF ¶ 25.  The parties dispute what took place at the meeting. Defendants contend that plaintiff indicated that she wanted Young and Schuster to abduct her son and remove him from the country, and thereby confirmed Young's earlier statements to Detective Freeman.  Def SUF ¶¶ 26 – 28.  Plaintiff, however, claims that she never asked Young and Schuster to kidnap her son, and never made comments suggesting that she intended them to kidnap her son.  Plaintiff's Separate Statement of Undisputed Facts ("Ptf SUF") ¶¶ 55 – 56.  Following the meeting, plaintiff was arrested, and eventually charged with solicitation of kidnaping, in violation of California Penal Code section 653f, and attempted kidnaping, in violation of California Penal Code section 622.  Following a hearing, plaintiff's bail was set at one million dollars, an amount recommended by Detective Freeman.[1]

---

[1] Detective Schuster was not involved in setting the amount of plaintiff's bail.  Def SUF ¶ 47; Ptf SUF ¶ 47.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-1751 CAS (AJWx) | Date | July 29, 2013 |
|---|---|---|---|
| Title | NIVEEN ISMAIL V. COUNTY OF ORANGE, ET AL. | | |

     The next relevant set of events took place in August 2010. At that time, plaintiff was subject to a restraining order that required her to stay one-hundred yards away from her son and his foster parents at all times. Def SUF ¶ 33; Ptf SUF ¶ 33. On August 26, 2010, plaintiff's son and his foster mother were walking near their vacation home in Balboa Island, and they noticed plaintiff in the vicinity of their walk. Def SUF ¶ 37; Ptf SGD ¶ 37. The parties dispute what took place next. According to defendants, plaintiff was directly in the foster mother's direct path, and followed the foster mother for several blocks. Def SUF ¶ 34 – 35. Plaintiff asserts, however, that she frequently visits Balboa Island, and was not there with the purpose of following her son and his foster mother. Ptf SGD ¶ 35. Plaintiff also states that the foster mother could easily have chosen to take a different route to avoid walking near plaintiff. Ptf SGD ¶ 34.

     Following this incident, the foster mother called the police, and told Detective Freeman that she had been followed by plaintiff. Detective Freeman then contacted plaintiff to discuss the incident, and plaintiff confirmed that she had seen her son and his foster mother on Balboa Island in late August. Def SUF ¶ 37; Ptf SGD ¶ 37. Plaintiff denied, however, that she had violated the restraining order. Ptf SUF ¶ 68; Defendant's Response to Plaintiff's Additional Statement of Undisputed Facts ("Def SGD") ¶ 68.

     Following the conversation between Detective Freeman and plaintiff, Detective Freeman asked the District Attorney to charge plaintiff with violating the restraining order. Ptf SUF ¶ 68; Def SGD ¶ 68. These charges were filed, and plaintiff was arrested for violating the restraining order on October 25, 2010. Def SUF ¶ 41; Ptf SGD ¶ 41. Plaintiff was in custody from October 25, 2010 until November 5, 2010, and was unable to contact her employer during this time period. Ptf SUF ¶¶ 70 – 71; Def SGD ¶¶ 70 – 71. Consequently, plaintiff was fired. Id. On December 14, 2010, a court dismissed the charges against plaintiff arising out of the alleged violation of the restraining order. Ptf SUF ¶ 72; Def SGD ¶ 72.

     Plaintiff's trial for the remaining criminal charges took place in December 2011. On December 15, 2011, a jury returned a verdict of not guilty. Ptf SUF ¶ 74; Def SGD ¶ 74.

///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-1751 CAS (AJWx) | Date | July 29, 2013 |
|----------|-------------------------|------|---------------|
| Title | NIVEEN ISMAIL V. COUNTY OF ORANGE, ET AL. | | |

## III.   LEGAL STANDARD

### A.   Summary Judgment

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-1751 CAS (AJWx) | Date | July 29, 2013 |
|---|---|---|---|
| Title | NIVEEN ISMAIL V. COUNTY OF ORANGE, ET AL. | | |

### B.   Qualified Immunity

The doctrine of qualified immunity limits a plaintiff in a case brought under section 1983 from recovering damages from government officials where the officials' conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  This doctrine exists to balance two countervailing interests, "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Id.  Where an officer raises the defense of qualified immunity, it should be resolved at an early stage of the litigation, and when the underlying facts are not in dispute, qualified immunity can be resolved on summary judgment. Conner v. Heiman, 672 F.3d 1126, 1130 – 31 (9th Cir. 2012) ("[A] district court should decide the issue of qualified immunity as a matter of law when the material historical facts are not in dispute, and the only disputes involves what inferences properly may be drawn from those historical facts.").

To determine whether a defendant is entitled to qualified immunity, a Court considers first whether the undisputed facts demonstrate a violation of a constitutional right, and, second, whether this right was clearly established at the time of the purported misconduct. Pearson, 555 U.S. at 232; A.D. v. California Highway Patrol, 712 F.3d 446, 453 – 454 (9th Cir. 2013).  A defendant is entitled to qualified immunity if either of these conditions are met, and courts "can proceed through these analytical steps in any order." Id.

## IV.   ANALYSIS

Plaintiff has alleged six claims for relief in the TAC, which can be broken down into three categories: (1) claims arising out of the undercover investigation ("felony arrest claims"), (2) claims arising out of the alleged violation of the restraining order ("misdemeanor claims"), and (3) her claims for excessive bail ("bail claims").  The Court considers each category in turn.

///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-1751 CAS (AJWx) | Date | July 29, 2013 |
|---|---|---|---|
| Title | NIVEEN ISMAIL V. COUNTY OF ORANGE, ET AL. | | |

### A.    Felony Arrest Claims

Defendants argue that they should be granted summary judgment on the felony arrest claims because Detectives Freeman and Schuster had probable cause to arrest plaintiff for either attempted kidnapping or solicitation of kidnapping.  Plaintiff argues, however, that summary judgment is not proper because there are disputed questions of fact regarding the existence of probable cause.

A police officer has probable cause to arrest an individual when, given the totality of facts and circumstances known to the officer at the time of the arrest, a reasonable person would believe the suspect had committed a crime.  Rosenbaum v. Washoe County, 663 F.3d 1071, 1076 (9th Cir. 2011); Crowe v. County of San Diego, 608 F.3d 406, 432 (9th Cir. 2010).  When evaluating the existence of probable cause, courts apply "the factual and practical considerations of everday life on which reasonable and prudent men, not legal technicians, act."  Illinois v. Gates, 462 U.S. 213, 231 (1983).  Additionally, "[a]s a corollary of the rule that the police may rely on the totality of facts available to them in establishing probable cause, they also may not disregard facts tending to dissipate probable cause."  United States v. Lopez, 482 F.3d 1067, 1072 (9th Cir. 2007).

"A claim for unlawful arrest is cognizable under Section 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification."  Dubner v. City and County of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001).  Under the doctrine of qualified immunity, however, an officer is absolved of civil liability for a warrantless arrest executed without probable cause if the officer reasonably believed that probable cause was present.  Rosenbaum, 663 F.3d at 1078; Anderson v. Creighton, 483 U.S. 635, 641 (1987).  To determine whether an officer reasonably believed that probable cause was present, the proper inquiry is "whether all reasonable officers would agree that there was no probable cause in this instance."  Rosenbaum, 663 F.3d at 1078.  Phrased in different terms, to determine whether an officer can raise the defense of qualified immunity to an unlawful arrest claim, the inquiry is not whether probable cause exists, but whether "arguable probable cause" exists.  See McComas v. Brickley, 673 F.3d 722, 725 (7th Cir. 2012); Jenkins v. City of New York, 478 F.3d 76, 87 (2d. Cir. 2007) ("An officer's determination is objectively reasonable if there was 'arguable' probable cause at the time of arrest—that is, if officers of reasonable competence could disagree on whether the probable cause test was met.") (internal quotation marks omitted).  The "arguable probable cause" standard is objective, meaning

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-1751 CAS (AJWx) | Date | July 29, 2013 |
|---|---|---|---|
| Title | NIVEEN ISMAIL V. COUNTY OF ORANGE, ET AL. | | |

that a warrantless arrest undertaken in the absence of arguable probable cause gives rise
to a claim under section 1983 even if the officer believed in good faith that probable
cause was present.  Rosenbaum, 663 F.3d at 1078.  When the underlying facts are not in
dispute, the existence of arguable probable cause is "an essentially legal question" that
should be resolved on summary judgment.  Act Up!/Portland v. Bagley, 988 F.2d 868,
872 – 873 (9th Cir. 1993).

Since Detectives Freeman and Schuster were investigating plaintiff for attempted
kidnapping and solicitation of kidnapping, the probable cause analysis begins with the
elements of these crimes under California law.  The crime of solicitation of kidnapping is
set out in California Penal Code section 653f, which provides:

> Every person who, with the intent that the crime be committed, solicits
> another to . . . commit or join in the commission of . . . kidnapping . . . shall
> be punished by imprisonment in a county jail for not more than one year or
> by a fine of not more than ten thousand dollars ($10,000).

Cal. Pen. Code § 653f(a).  "The essence of criminal solicitation is an attempt to induce
another to commit a criminal offense."  People v. Herman, 97 Cal. App. 4th 1369, 1381
(2002).  "This threatened communication of criminal inclinations so as to infect others
and enlarge the criminal enterprise is the core evil at which criminal solicitation laws are
aimed."  Id. at 1384 – 85.

An individual acts with the requisite mens rea to commit solicitation if he or she
acts with specific intent that the solicited crime take place.  People v. Wilson, 36 Cal. 4th
309, 328 (2005).  "Intent may be inferred from the circumstances attendant to the
request."  People v. Miley, 158 Cal. App. 3d 25, 34 (1984).  The actus reus of solicitation
is asking another to commit a crime, or making an offer, invitation, or request that
another commit a crime.  Wilson, 36 Cal. 4th at 328; Herman, 97 Cal. App. 4th at 1381.
No additional act in furtherance of the crime solicited is necessary; the crime of
solicitation is complete once a request is made with the requisite criminal intent.  Wilson,
36 Cal. 4th at 328 ("The crime of solicitation, which is restricted to the solicitation of
particular serious felony offenses, is complete once the verbal request is made with the
requisite criminal intent; the harm is in asking, and it is punishable irrespective of the
reaction of the person solicited.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-1751 CAS (AJWx) | Date | July 29, 2013 |
|---|---|---|---|
| Title | NIVEEN ISMAIL V. COUNTY OF ORANGE, ET AL. | | |

With respect to attempt, California's general attempt statute, California Penal Code section 664, provides:

> Every person who attempts to commit any crime, but fails, or is prevented or intercepted in its perpetration, shall be punished where no provision is made by law for the punishment of those attempts, as follows: (a) If the crime attempted is punishable by imprisonment in the state prison . . . the person guilty of the attempt shall be punished by imprisonment in the state prison . . . for one-half the term of imprisonment prescribed upon a conviction of the offense attempted.

Cal. Pen. Code. § 664.  "[T]he purpose of the law of attempt is both to penalize conduct which would have been harmful if not fortuitously prevented, and to permit intervention by law enforcement personnel before the harm has occurred."  People v. Meaders, 148 Cal. App. 3d 1155, 1159 (1983).

The crime of attempt consists of two elements: "a specific intent to commit [a] crime, and a direct but ineffectual act done towards its commission."  Cal. Pen. Code § 21a.  In order to satisfy the second element, a defendant must perform an act that "goes beyond mere preparation and shows that the perpetrator is putting his or her plan into action."  People v. Post, 94 Cal. App. 4th 467, 481 (2001) (quoting People v. Kipp, 18 Cal. 4th 349, 376 (1998)); People v. Carrington, 47 Cal. 4th145, 194 (2009) ("To prove an attempt, something more is required than mere menaces, preparation or planning.") (internal quotations omitted).  The distinction between preparation and attempt lies in the fact that "preparation consists in devising or arranging the means or measures necessary for the commission of the offense," whereas "the attempt is the direct movement towards the commission after the preparations are made."  People v. Superior Court, 41 Cal. 4th 1, 8 (2007).  While this general distinction can be made, "a definitive test has proved elusive," and the California Supreme Court has observed that "[a]s simple as it is to state the terminology for the law of attempt, it is not always clear in practice how to apply it."  Id.

In People v. York, the California court of appeals clarified the relationship between the offenses of attempt and solicitation.  People v. York, 60 Cal. App. 4th 1499, 1503 (1998).  There, the court held that an act of solicitation, by itself, cannot be a direct but ineffectual act done towards the commission of a crime for purposes of the law of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-1751 CAS (AJWx) | Date | July 29, 2013 |
|---|---|---|---|
| Title | NIVEEN ISMAIL V. COUNTY OF ORANGE, ET AL. | | |

attempt. Id. at 1505 ("[S]omething more than mere solicitation is necessary to elevate that conduct to an attempt[] . . . ."). The court reached this conclusion by applying the Swann-Gilbert rule of statutory interpretation, under which "prosecution under the generalized statutes is barred when a specific law is intended by the Legislature for a given factual situation." Id. at 1504. Applying this principle in the context of attempt and solicitation, the court reasoned that because the California legislature had passed specific legislation targeting solicitation, the general law of attempt should not be interpreted to reach mere solicitation. Id. Consequently, if a defendant's conduct is "truly limited" to solicitation, she cannot be convicted of attempt. Id. at 1506. If, however, a solicitation occurs alongside additional acts taken towards the completion of a crime, a defendant is potentially liable for both solicitation and attempt. Id. at 1503, 1506.

The Court therefore considers whether, given the totality of the circumstances known to Detectives Freeman and Schuster at the time of arrest, there was arguable probable cause to believe that plaintiff had committed either of the crimes discussed above. Turning first to attempted kidnapping, the Court finds that under People v. York, arguable probable cause did not exist. The only acts plaintiff took in furtherance of the kidnapping occurred during the conversations between plaintiff, Young, and Schuster. Moreover, during these conversations, plaintiff did nothing more than talk about the kidnapping. She did not, for example, pay Young and Schuster to engage in the kidnapping. In this situation, People v. York entails the conclusion that the general law of attempt is inapplicable. York, 60 Cal. App. 4th at 1505. The criminal statute that applies where an individual has allegedly asked another to commit a crime is solicitation, not attempt. Consequently, plaintiff's acts could not have amounted to an attempt under California law, so no reasonable officer could have concluded that probable existed to arrest plaintiff for attempted kidnapping.

The Court next considers whether Detectives Freeman and Schuster possessed arguable probable cause to conclude that plaintiff had committed the crime of solicitation of kidnapping. In support of her position that she never asked Young and Schuster to kidnap her son, plaintiff has produced a transcript of the recorded conversation in which she discusses her plans regarding her son with Young and Schuster. The veracity of this transcript is not in dispute. A review of the transcript reveals no evidence that plaintiff engaged in conduct constituting solicitation of kidnapping under California law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-1751 CAS (AJWx) | Date | July 29, 2013 |
|---|---|---|---|
| Title | NIVEEN ISMAIL V. COUNTY OF ORANGE, ET AL. | | |

During plaintiff's meeting with Young and Schuster, plaintiff discussed two possible strategies for regaining custody over her son: uncovering information that would place the foster parents in a negative light, and abducting plaintiff's son. The transcript shows that plaintiff spoke in detail with Young and Schuster about how each plan would be carried out. Ptf. Ex. 2 at 11 – 19; 19 – 27. Regarding the kidnapping, plaintiff had a lengthy discussion with Schuster and Young about obtaining a fraudulent passport for plaintiff's son, taking him to Mexico, and then flying him to either France or the Middle East. Id. at 19 – 27, 37 – 38. Additionally, Schuster states clearly to plaintiff that he is willing to go forward with the kidnapping, and plaintiff and Schuster discuss the amount of Young and Schuster's fee. Id. at 31, 37. During the conversation, however, plaintiff never asks Schuster and Young to execute the kidnapping. Instead, at several points in the conversation, plaintiff states that she wants Young and Schuster to attempt to uncover negative information about the foster parents prior to attempting a kidnapping. Id. at 27, 29. At the close of the conversation, plaintiff states that she wants to wait a week until telling Young and Schuster definitively whether she wants to go through with the kidnapping. Id. at 31.

Considering the statements plaintiff made to Young and Schuster, there are two reasons to conclude that plaintiff did not engage in conduct satisfying the actus reus requirement of solicitation. First, California courts consistently describe the actus reus of solicitation as a "request," "invitation," or "offer." Laurel v. Superior Court, 255 Cal. App. 2d 292, 298 (1967) ("For one person to solicit another to do a thing, there must be an intent and a request."); Wilson, 36 Cal. 4th at 328 ("Solicitation is defined as an offer or invitation to another to commit a crime . . ."). Here, plaintiff's conduct was limited to discussing how a kidnapping would take place and determining whether Young and Schuster were willing to commit the kidnapping. While these discussions suggest that plaintiff was interested in having Schuster and Young kidnap her son, plaintiff did not make a request, invitation, or offer. Without words or conduct that amount to an offer, invitation, or request, the actus reus of solicitation under California law is not satisfied.

The Court is aware that the requirement of an affirmative offer or request would likely be inconsistent with the definition of solicitation in other jurisdictions. The Model Penal Code, for example, defines solicitation to include conduct that "encourages" another person to engage in criminal conduct. Model Penal Code § 5.02(1). Additionally, the federal statute criminalizing solicitations to commit violence covers any act that "solicits, commands, induces, or otherwise endeavors to persuade" another to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-1751 CAS (AJWx) | Date | July 29, 2013 |
|---|---|---|---|
| Title | NIVEEN ISMAIL V. COUNTY OF ORANGE, ET AL. | | |

engage in violence. 18 U.S.C. § 373. In a recent decision, the Seventh Circuit held that an explicit solicitation to commit violence is not required under this statute as long as the solicitor's message was implicitly communicated. United States v. White, 698 F.3d 1005, 1014 – 15 (7th Cir. 2012).[2] California's solicitation statute is not, however, cast in such broad terms. The California statute only uses the phrase "solicits," and in light of California's apparently more limited definition of the actus reus of solicitation, authority from other jurisdictions is not at variance with the Court's conclusion that California law requires an affirmative request or offer. Cal. Pen. Code § 653f.

Second, regardless of whether the actus reus of solicitation requires an affirmative request or can be satisfied by words and conduct of a more amorphous character, an act can only amount to a solicitation if it is an attempt to induce another to commit a crime. People v. Herman, 97 Cal. App. 4th at 1381. Here, however, none of plaintiff's words or conduct induced Young or Schuster to go forward with the kidnapping. Plaintiff stated that she would have to wait one week until she could tell Young and Schuster whether she wanted them to execute the kidnapping, and she gave no indication that she wanted the kidnapping to occur until she provided final approval. Moreover, given that the plaintiff contemplated meeting Young and Schuster at a location abroad after the kidnapping took place, it would have been contrary to plaintiff's stated intention and inconsistent with the contemplated plan for any kidnapping to take place prior to plaintiff's final approval. Plaintiff therefore made it clear that an inducement would possibly take place at some future point in time, but during the conversations that took place, no inducement occurred.

---

[2] In United States v. White, 698 F.3d 1005 (7th Cir. 2012), the defendant was convicted of soliciting murder through the his neo-Nazi website, even though the defendant never posted text on his website explicitly calling for the murder of the putative victim. Id. at 1014. The defendant's website did, however, call for the murder of some individuals and celebrate the murders of others. Id. Moreover, the defendant made inflammatory statements about the putative victim, and posted information specifically identifying the victim and where he could be found. Id. In the context of the defendant's violent, incendiary website, the Seventh Circuit found that the defendant had solicited violence, even without an explicit request or offer. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-1751 CAS (AJWx) | Date | July 29, 2013 |
|---|---|---|---|
| Title | NIVEEN ISMAIL V. COUNTY OF ORANGE, ET AL. | | |

While plaintiff's conduct evidenced by the transcript therefore does not fit the crime of solicitation, the Court nonetheless concludes that the transcript shows that Detectives Freeman and Schuster had arguable probable cause to believe that plaintiff had committed the crime of attempted solicitation. Attempted solicitation is a crime under California law. People v. Saephanh, 80 Cal. App. 4th 451, 459 – 460 (2000). In order to conclude that there was probable cause to arrest plaintiff for attempted solicitation, Detectives Freeman and Schuster needed evidence tending to show that plaintiff had formed a specific intent to solicit the kidnapping of her son, and that plaintiff had engaged in a direct but ineffectual act towards the commission of this crime. Gasho v. United States, 39 F.3d 1420, 1429 (9th Cir. 1994) ("When specific intent is an element of the alleged offense, part of the probable cause analysis must be whether the officers could believe that the person arrested had the necessary intent."). The undisputed facts demonstrate the presence of this evidence.

Prior to the date of plaintiff's arrest, plaintiff had taken several steps towards soliciting the kidnapping of her son. First, plaintiff contacted Young, and spoke with Young and Schuster about the possibility of abducting her son. During the conversation, plaintiff sought to confirm that Young and Schuster would actually carry out the kidnapping, spoke in detail about how any kidnapping would take place, and spoke about how much Young and Schuster would be paid. While plaintiff had not given her final approval of the plan and had not made a definitive request that the kidnapping take place, a clear request was the last step plaintiff had to execute in order to commit the crime of solicitation. These undisputed facts support a reasonable belief that probable cause existed to conclude that plaintiff had taken enough steps towards the commission of a crime that she could be found guilty of attempted solicitation.

These facts also demonstrate that there was arguable probable cause to conclude that plaintiff had formed the specific intent to solicit the kidnapping of her son. By meeting with Young and Schuster to discuss the kidnapping, determine their willingness to go forward with the kidnapping, and discuss the amount of any fee, plaintiff's actions supported an inference that she had formed the intent to solicit kidnapping. This is not to say that there are no facts tending to suggest the contrary. Plaintiff did not pay Young and Schuster, and told them that she would have to wait a week before making her final decision. These countervailing facts are not, however, sufficiently compelling to undermine the conclusion that arguable probable cause existed to arrest plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-1751 CAS (AJWx) | Date | July 29, 2013 |
|----------|--------------------------|------|---------------|
| Title | NIVEEN ISMAIL V. COUNTY OF ORANGE, ET AL. | | |

Accordingly, the Court concludes that based on the facts known to Detectives Freeman and Schuster, a reasonable officer could conclude that there was probable cause to arrest plaintiff for the crime of attempted solicitation of kidnapping.[3]  Therefore, there was "arguable probable cause" to arrest plaintiff, and consequently, Detectives Freeman and Schuster are entitled to the defense of qualified immunity.  Rosenbaum, 663 F.3d at 1078 ("Even if the arrest was made without a warrant and without probable cause, however, the officer may still be immune from suit if it was objectively reasonable for him to believe that he had probable cause."); McComas, 673 F.3d at 725 ("In the context of a wrongful arrest, the question [of qualified immunity] turns on whether the arresting officer had arguable probable cause. * * * Arguable probable cause exists when a reasonable officer could mistakenly have believed that he had probable cause to make the arrest.") (internal citations and quotation marks omitted); Jenkins, 478 F.3d at 87 ("Therefore, [the plaintiff's] federal false arrest claim turns on whether the detectives' probable cause determination was objectively reasonable.  An officer's determination is objectively reasonable if there was 'arguable' probable cause at the time of arrest—that is, if officers of reasonable competence could disagree on whether the probable cause test was met.") (internal quotation marks omitted).  Summary judgment should therefore be granted in defendants' favor on the felony arrest claims.

**B.    Misdemeanor Arrest Claims**

The parties agree that Schuster had no involvement with plaintiff's arrest for violation of the restraining order, and therefore that the only defendant facing liability regarding this arrest is Freeman.  Defendants present two arguments regarding why summary judgment should be entered in Freeman's favor.  Both arguments fail.

---

[3] Even though plaintiff was not prosecuted for attempted solicitation and there is no evidence that Detectives Freeman and Schuster subjectively believed she was guilty of this crime, the officers' subjective belief is not relevant to the analysis.  Devenpeck v. Alford, 543 U.S. 146, 153 (2004).  Moreover, because the criminal offense as to which probable cause exists is closely related to the offenses for which plaintiff was arrested and prosecuted, this is not a case where an arrest is given a post-hoc justification by pointing to some "late-discovered statute that could arguably apply to the facts of this case."  Rosenbaum, 663 F.3d at 1078.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-1751 CAS (AJWx) | Date | July 29, 2013 |
|---|---|---|---|
| Title | NIVEEN ISMAIL V. COUNTY OF ORANGE, ET AL. | | |

First, defendants claim that plaintiff was arrested pursuant to a warrant, and conclude that the existence of an arrest warrant forecloses plaintiff's claim for wrongful arrest. Defendants have not, however, produced a warrant that complies with the requirements of the Fourth Amendment. It is a basic principle of Fourth Amendment jurisprudence that a warrant must be issue by a neutral and detached judicial officer, not a law enforcement agent. See, e.g., Johnson v. United States, 333 U.S. 10, 13 – 14 (1948). Defendants have produced no evidence that such a warrant was issued for plaintiff's arrest. Instead, it appears that plaintiff was arrested pursuant to a "complaint warrant" that was signed by a deputy district attorney. Ptf. Ex. 11. Such a warrant does not satisfy the Fourth Amendment. Coolidge v. New Hampshire, 403 U.S. 443, 450 (1971).

Second, defendants point out that although Freeman filed a report that led to plaintiff's arrest, she was not the arresting officer. Defendants conclude that because Freeman was not the arresting officer, she cannot face liability for wrongful arrest. This argument construes liability for wrongful arrest too narrowly. Since section 1983 creates a species of tort liability, courts appeal to tort law principles to interpret the statute. Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1193 (9th Cir. 2002). As relevant here, "[i]t is axiomatic that where several independent actors concurrently or consecutively produce a single, indivisible injury, each actor will be held jointly and severally liable for the entire injury." Wesby v. District of Columbia, 841 F. Supp. 2d 20, 41 (D. D.C. 2012) (quoting Watts v. Laurent, 774 F.2d 168, 179 (7th Cir. 1985)). Freeman can therefore be held liable for a wrongful arrest she caused to occur even if she did not carry out the arrest herself. Gordon v. Degelmann, 29 F.3d 295, 298 (7th Cir. 1994) ("One who directs or assists an unlawful arrest may be liable.").

Accordingly, the Court denies defendants' motion for summary judgment with respect to the misdemeanor arrest claims.

## C.    Bail Claims

Defendants argue that they are entitled to summary judgment with respect to plaintiff's bail claims because the undisputed facts show that defendants did not cause her bail to be set at a purportedly excessive amount.

As mentioned above, courts appeal to traditional principles of tort liability when interpreting section 1983. "Pursuant to traditional tort law principles of causation . . . a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-1751 CAS (AJWx) | Date | July 29, 2013 |
|---|---|---|---|
| Title | NIVEEN ISMAIL V. COUNTY OF ORANGE, ET AL. | | |

judicial officer's exercise of independent judgment in the course of his official duties is a superseding cause that breaks the chain of causation linking law enforcement personnel to the officer's decision." Galen v. County of Los Angeles, 477 F.3d 652, 663 (9th Cir. 2007). Consequently, because California grants judicial officers exclusive authority to enhance bail, Cal. Pen. Code § 1269c, to withstand summary judgment, plaintiff must produce some evidence showing that defendants deliberately or recklessly misled the judicial officer who set plaintiff's bail. Galen, 447 F.3d at 663 – 664.

Plaintiff has not produced evidence – or even alleged – that Freeman made misrepresentations to the judicial officer who set plaintiff's bail. Instead, plaintiff contends that Freeman should be liable under an excessive bail theory because she recommended $1 million bail but should have known that plaintiff was not guilty of any crime. See, e.g., Ptf. Opp. at 19. Summary judgment in defendants' favor is therefore appropriate due to the lack of any disputed issues of fact regarding whether the independent discretion of the judicial officer severed the chain of causation between defendants' acts and the setting of plaintiff's bail.

Accordingly, the Court finds that summary judgment should be granted in defendants' favor with respect to plaintiff's claim for excessive bail.

## V.    CONCLUSION

In accordance with the foregoing, defendants' motion for summary judgment is hereby GRANTED IN PART and DENIED IN PART. Summary judgment is GRANTED in defendants' favor with respect to plaintiff's felony arrest claims and claims for excessive bail. Additionally, summary judgment is GRANTED in favor of defendant Schuster regarding the misdemeanor arrest claim. Otherwise, defendants' motion is DENIED.

IT IS SO ORDERED.

|  | 00 | : | 06 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |