UNITED STATES DISTRICT COURT                    O
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL                    JS-6

| Case No. | SA CV 11-1751 CAS (AJWx) | Date | September 13, 2013 |
|---|---|---|---|
| Title | NIVEEN ISMAIL V. PENNY FREEMAN, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**       (IN CHAMBERS): MOTION FOR RECONSIDERATION OF
MOTION FOR SUMMARY JUDGMENT (Docket #116, August
12, 2013)

## I.       INTRODUCTION

Plaintiff filed this case in this Court on November 14, 2011, asserting claims for
malicious prosecution and wrongful arrest pursuant to 42 U.S.C. § 1983 and related state
laws.  Following a combination of joint stipulations and voluntary dismissals, plaintiff
filed a Second Amended Complaint ("SAC") on August 8, 2012, naming as defendants
the City of Newport Beach ("Newport Beach"), the County of Orange ("Orange
County"), Detective Penny Freeman of the Newport Beach Police Department
("Freeman"), Officer Neil Schuster of the Newport Beach Police Department
("Schuster"), and Deputy Orange County District Attorney Elizabeth Costello.

By order dated October 18, 2012, the Court dismissed all federal claims against
Elizabeth Costello under the doctrines of state sovereign immunity and absolute
prosecutorial immunity, and declined to exercise jurisdiction over the related state law
claims.  Dkt. #79 at 6-11.  Additionally, the Court dismissed all federal claims against
Orange County.  The vicarious liability claims against Orange County were dismissed
because no claims remained against any Orange County employees.  With respect to the
direct liability claims, the Court observed that a plaintiff can only maintain a claim for
direct liability against a county under section 1983 if the plaintiff alleges unconstitutional
action pursuant to a policy, ordinance, regulation, or decision officially adopted by the
county, and concluded that plaintiff had not alleged specific facts giving rise to a
plausible inference that any alleged unconstitutional conduct took place pursuant to an
Orange County policy.  Id. at 11-13.

UNITED STATES DISTRICT COURT                     O
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                     **JS-6**

| Case No. | SA CV 11-1751 CAS (AJWx) | Date | September 13, 2013 |
|---|---|---|---|
| Title | NIVEEN ISMAIL V. PENNY FREEMAN, ET AL. | | |

Additionally, by order dated October 30, 2012, the Court dismissed all federal claims against Newport Beach. Dkt. # 80. In its order, the Court observed that in order to assert a claim against a city under section 1983, a plaintiff must identify unconstitutional action pursuant to an official policy. To satisfy this requirement, plaintiff had alleged that Newport Beach failed to adequately train its police officers. The Court acknowledges that failure to train city employees can "rise to the level of an official government policy for purposes of section 1983," but only where the failure to train amounts "to deliberate indifference to the rights of persons with whom the untrained employees come into contact." Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011). Applying this principle, the Court dismissed the claim because it found that plaintiff had not alleged sufficient facts giving rise to a plausible inference that Newport Beach failed to train police officers in deliberate indifference to the rights of individuals similarly situated to plaintiff. Dkt. #80 at 7-9.

The Court did not, however, dismiss the claims against individual police officers Freeman and Schuster. Subsequently, plaintiff filed a Third Amended Complaint ("TAC"), which alleges claims against Freeman and Schuster for wrongful arrest and excessive bail. By order dated July 29, 2013, the Court granted summary judgment in favor of Freeman and Schuster on all claims except plaintiff's misdemeanor arrest claims against Freeman. Freeman filed a motion for reconsideration on August 12, 2013, and plaintiff filed an opposition on August 14, 2013. The Court held a hearing on that motion on August 29, 2013. After considering the parties' arguments, the Court finds that summary judgment should be granted in favor of Freeman on all remaining claims.

## II.    BACKGROUND

This action arises out of plaintiff's arrest, prosecution, and subsequent acquittal for allegedly soliciting private investigators to kidnap her biological son and transport him out of the country. The events underlying this case began when, at some point prior to July 2009, plaintiff lost custody of her biological son. Defendants' Statement of Undisputed Facts ("Def SUF") ¶ 16; Plaintiff's Statement of Genuine Disputes ("Ptf SGD") ¶ 16. Subsequently, her son was placed in foster care, and his foster parents became interested in formally adopting him. Id.

Frightened by the prospect of her son's adoption, plaintiff contacted Robert Young ("Young"), a licensed private investigator, and met with him on November 30, 2009. Def

UNITED STATES DISTRICT COURT                    O
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    JS-6

| Case No. | SA CV 11-1751 CAS (AJWx) | Date | September 13, 2013 |
|----------|--------------------------|------|--------------------|
| Title | NIVEEN ISMAIL V. PENNY FREEMAN, ET AL. | | |

SUF ¶¶ 3-4; Ptf SGD ¶¶ 3-4.  Following this meeting, Young contacted the police, and spoke to Detective Freeman.  Id.  Young told Freeman that plaintiff wanted to regain custody over her son, and had discussed two possible plans for doing this.  Def SUF ¶¶ 5-6; Ptf SGD ¶¶ 5-6.  Plaintiff's first plan was for Young to uncover information that would cast her son's foster parents in a negative light.  The second plan plaintiff discussed, according to Young, was having Young abduct her son and return him to plaintiff at a location outside of the United States.  Def SUF ¶ 7; Ptf SGD ¶ 7.  Young also provided Freeman with several other details about plaintiff's appearance, demeanor, and personal history.  Def SUF ¶¶ 9-14; Ptf SGD ¶¶ 9-14.

After speaking with Young, Detective Freeman contacted Orange County Child Protective Services for information regarding plaintiff and her son.  Def SUF ¶ 15; Ptf SUF ¶ 15.  Freeman learned that plaintiff had lost custody over her son and that her son's foster parents were in the process of adopting him.  Def SUF ¶ 16; Ptf SUF ¶ 16.  After learning this information, Detective Freeman sought to confirm what Young had said about plaintiff's plans to kidnap her son.  Def SUF ¶ 19; Ptf SUF ¶ 19.  To do so, Detective Freeman decided to conduct an undercover operation.  Id.  This undercover operation was to function as follows.  Young would arrange a follow-up meeting with plaintiff, and a police officer, Detective Schuster, would attend the meeting posing as Young's partner.  Additionally, the plan called for Schuster to surreptitiously record the conversation.  Def SUF ¶¶ 20-21; Ptf SGD ¶¶ 20-21.

Following the meeting, plaintiff was arrested, and eventually charged with solicitation of kidnaping, in violation of California Penal Code section 653f, and attempted kidnaping, in violation of California Penal Code section 622.  Following a hearing in or around December 4, 2009, plaintiff's bail was set at one million dollars, First Amended Compl. ("FAC") ¶ 113, but was reduced to $150,000 in March 2010, id. ¶ 33.  It appears that plaintiff was released from custody sometime thereafter.

The next relevant set of events began in August 2010.  At that time, plaintiff was subject to a restraining order that required her to stay one hundred yards away from her son and his foster parents at all times.  Def SUF ¶ 33; Ptf SUF ¶ 33.  On August 22, 2010, plaintiff's son and his foster mother were walking near their vacation home in Balboa Island, and they noticed plaintiff in the vicinity of their walk.  Def SUF ¶ 37; Ptf SGD ¶ 37.  The parties dispute what took place next.  According to Freeman and her

UNITED STATES DISTRICT COURT                    O
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **JS-6**

| Case No. | SA CV 11-1751 CAS (AJWx) | Date | September 13, 2013 |
|---|---|---|---|
| Title | NIVEEN ISMAIL V. PENNY FREEMAN, ET AL. | | |

former co-defendants, plaintiff was in the foster mother's direct path, and followed the foster mother for several blocks.  Def SUF ¶¶ 34-35.

Following this incident, the foster mother called the police, and told Detective Freeman that she had been followed by plaintiff.  Detective Freeman then contacted plaintiff to discuss the incident, and plaintiff confirmed that she had seen her son and his foster mother on Balboa Island in late August.  Def SUF ¶ 37; Ptf SGD ¶ 37.  Plaintiff denied, however, that she had violated the restraining order.  Ptf SUF ¶ 68; Defendants' Response to Plaintiff's Additional Statement of Undisputed Facts ("Def SGD") ¶ 68.

Following the conversation between Detective Freeman and plaintiff, Detective Freeman asked the District Attorney to charge plaintiff with violating the restraining order.  Ptf SUF ¶ 68; Def SGD ¶ 68.  On October 25, 2010, plaintiff appeared in Orange County Superior Court on her pending felony charges.  Def. Mot. Reconsideration Ex. 2.  Plaintiff was not in custody at the beginning of the appearance.  RT 2:6-9.[1]  During that appearance, the Deputy District Attorney informed the court that plaintiff had violated a protective order associated with the felony charges, and asked that she be taken into custody.  Def. Mot. Reconsideration Ex.2, p. 3.  The Deputy District Attorney argued that the plaintiff was a danger to the foster family.  Id. at 6.  The court granted the prosecutor's request, and also increased bail from $150,000 to $500,000.  Id. at 7.  Plaintiff was in custody from October 25, 2010, to November 5, 2010.  Ptf SUF ¶¶ 70-71; Def SGD ¶¶ 70-71.  On October 29, 2010, Judge Brett London issued an arrest warrant for plaintiff on the charge that plaintiff violated the restraining order in violation of Cal. Penal Code § 166(c)(1).  Def. Mot. Reconsideration Ex. 1, p. 5.  On November 3, 2010, the warrant was executed while plaintiff was in custody.  RT 3:7-17; 5:7-6:8; 13:3-7.  On December 14, 2010, the charges against plaintiff arising out of the alleged violation of the restraining order were dismissed.  Ptf SUF ¶ 72; Def SGD ¶ 72.  Plaintiff's trial on the remaining criminal charges took place in December 2011.  On December 15, 2011, a jury returned a verdict of not guilty.  Ptf SUF ¶ 74; Def SGD ¶ 74.

---

[1]All references to "RT" are to the transcript of the hearing held by the Court on August 29, 2013.

UNITED STATES DISTRICT COURT      O
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      **JS-6**

| Case No. | SA CV 11-1751 CAS (AJWx) | Date | September 13, 2013 |
|---|---|---|---|
| Title | NIVEEN ISMAIL V. PENNY FREEMAN, ET AL. | | |

## III.   LEGAL STANDARD

### A.   Fed. R. Civ. P. 60(b)

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  Under Rule 60(b)(6), the so-called catch-all provision, the party seeking relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion."  Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006).  In addition, the Ninth Circuit recently confirmed that "[t]o receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute his case." Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010).  This Rule must be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (quoting United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005)).  Any Rule 60(b) motion must be brought within a reasonable time and no later than one year after entry of judgment or the order being challenged.  See Fed. R. Civ. P. 60(c)(1).

### B.   C.D. Cal. L.R. 7-18

Local Rule 7-18 sets forth the bases upon which the Court may reconsider the decision on any motion:

A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before

UNITED STATES DISTRICT COURT          O
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **JS-6**

| Case No. | SA CV 11-1751 CAS (AJWx) | Date | September 13, 2013 |
|----------|--------------------------|------|--------------------|
| Title    | NIVEEN ISMAIL V. PENNY FREEMAN, ET AL. | | |

such decision.  No motion for reconsideration shall in any manner repeat any
oral or written argument made in support of or in opposition to the original
motion.

C.D. Cal. L.R. 7-18.

### C.    Summary Judgment

Summary judgment is appropriate where "there is no genuine dispute as to any
material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.
56(a).  The moving party bears the initial burden of identifying relevant portions of the
record that demonstrate the absence of a fact or facts necessary for one or more essential
elements of each claim upon which the moving party seeks judgment.  See Celotex Corp.
v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out
specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v.
Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e).  The
nonmoving party must not simply rely on the pleadings and must do more than make
"conclusory allegations [in] an affidavit."  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871,
888 (1990); see also Celotex, 477 U.S. at 324.  Summary judgment must be granted for
the moving party if the nonmoving party "fails to make a showing sufficient to establish
the existence of an element essential to that party's case, and on which that party will
bear the burden of proof at trial."  Id. at 322; see also Abromson v. Am. Pac. Corp., 114
F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed
facts, the Court must decide whether the moving party is entitled to judgment as a matter
of law.  See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 &
n.3 (9th Cir. 1987).  When deciding a motion for summary judgment, "the inferences to
be drawn from the underlying facts . . . must be viewed in the light most favorable to the
party opposing the motion."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S.
574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121

UNITED STATES DISTRICT COURT                O
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                **JS-6**

| Case No. | SA CV 11-1751 CAS (AJWx) | Date | September 13, 2013 |
|---|---|---|---|
| Title | NIVEEN ISMAIL V. PENNY FREEMAN, ET AL. | | |

F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.


IV.   ANALYSIS


Previously, the Court denied summary judgment in its July 29, 2013 order because Detective Freeman offered no valid arrest warrant to enable the Court to determine that plaintiff was validly arrested on October 25, 2010. Summ. J. Order 15. Freeman now states that she has recently discovered a valid arrest warrant issued by a neutral magistrate on October 29, 2010. Def. Mot. Reconsideration 7, Ex. 1. She argues that summary judgment should now be granted on the remaining misdemeanor arrest claims, because the Court's sole basis for previously denying summary judgment on those claims was the absence of a warrant. Id. at 4. Freeman states that she did not discover this warrant earlier because she relied on plaintiff's allegation that plaintiff was arrested on the misdemeanor charge on October 25, 2010. Id. at 10. However, according to Freeman, plaintiff could not have been arrested on October 25, 2010, because she was present, on that date, for a court appearance related to her pending felony charges, and was remanded into custody by the court at the conclusion of that hearing. Id. at 11.


At the hearing held before this Court on August 29, 2013, all counsel agreed that plaintiff was not in custody at the commencement of the October 25, 2010 hearing. RT 2:6-9; RT 4:9-15. Freeman's counsel explained that plaintiff was first "arrested" on misdemeanor charges arising from plaintiff's violation of the restraining order on November 3, 2010, not October 25, 2010. The November 3, 2010 arrest was made pursuant to a valid arrest warrant issued on October 29, 2010, while plaintiff was already in custody as a result of her bail being increased on October 25, 2010. RT 13:3-7.


In plaintiff's opposition to Freeman's motion for reconsideration, she argues that Freeman's motion is procedurally improper, and also requests that Freeman and her counsel be sanctioned. Pl. Opp. Mot. Reconsideration. At the August 29, 2013 hearing, counsel for plaintiff argued that the Orange County Superior Court's order remanding her into custody on October 25, 2010, was the equivalent of an arrest without a warrant. RT

UNITED STATES DISTRICT COURT                    O
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL                    JS-6

| Case No. | SA CV 11-1751 CAS (AJWx) | Date | September 13, 2013 |
|---|---|---|---|
| Title | NIVEEN ISMAIL V. PENNY FREEMAN, ET AL. | | |

8:5-20.  Moreover, plaintiff argued that Freeman is responsible for this arrest because she informed the District Attorney of her investigation into plaintiff's potential possible violation of the restraining order, and asked that charges be filed against plaintiff.  Id.

The Court finds that summary judgment should now be granted in favor of Freeman.  The transcript of plaintiff's October 25, 2010, court appearance in Orange County Superior Court shows that plaintiff was not arrested, but was remanded into custody based on the court's judgment that plaintiff posed a danger to her child's foster care family.  See Def. Mot. Reconsideration Ex. 2, pp. 6-7; Cal. Penal Code § 1289 (stating that a court may, "upon good cause shown, either increase or reduce the amount of bail," and if the amount is increased, "may order the defendant to be committed to actual custody").  Detective Freeman cannot be held liable for events stemming from a judicial officer's exercise of his or discretion.[2]  Galen v. County of Los Angeles, 477 F.3d 652, 663 (9th Cir. 2007) ("[A] judicial officer's exercise of independent judgment in the course of his official duties is a superseding cause that breaks the chain of causation linking law enforcement personnel to the officer's decision.")

Freeman's statement that plaintiff was arrested on November 3, 2010, while already in custody is not persuasive because that event is not a Fourth Amendment seizure, even if it constitutes an arrest from an administrative perspective.  See Garionis v. Newton, 827 F.2d 306, 310 (8th Cir. 1987).  In Garionis, the plaintiff sued several police officers under 42 U.S.C. § 1983, alleging violations of his Fourth and Fourteenth Amendment rights.  827 F.2d at 308.  One of the plaintiff's claims was that one of the defendant police officers arrested him without probable cause.  Id. at 310.  The court rejected this claim because the plaintiff had already been arrested several moments earlier by a different officer.  Id. at 308, 310.  The court explained that "[a]n arrest presumes that the person arrested was at liberty, free from policy custody, before the arrest."  Id. at 310.  Because the plaintiff was already in custody, "there was no subsequent arrest, and no

---

[2]Plaintiff alleges, but produces no evidence that Freeman misled the district attorney or the court as to the facts surrounding plaintiff's encounter with her son and his foster parents on August 26, 2010.  Accordingly, plaintiff's claims cannot survive summary judgment on the theory that misrepresentations by Freeman caused plaintiff to be remanded into custody or have her bail increased.

UNITED STATES DISTRICT COURT                    O
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL                     JS-6

| Case No. | SA CV 11-1751 CAS (AJWx) | Date | September 13, 2013 |
|----------|--------------------------|------|--------------------|
| Title    | NIVEEN ISMAIL V. PENNY FREEMAN, ET AL. | | |

need for probable cause." Id.; see also United States ex rel. Brown v. Rundle, 450 F.2d 517, 520 (3d Cir. 1971) (rejecting appellant's illegal arrest claim because the appellant was already in custody at the time of the alleged seizure).[3]  Accordingly, the Court finds that plaintiff's argument that she was arrested without a warrant lacks merit, and that summary judgment should be granted in defendant Freeman's favor on plaintiff's remaining second and fifth claims for relief in plaintiff's TAC.


## V.    CONCLUSION

Based on the foregoing, the Court GRANTS defendant Penny Freeman's motion for summary judgment on all remaining claims.


IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|--|--|----|---|----|
| | Initials of Preparer | | CMJ | |

---

[3]Even if an arrest while already in custody implicated the Fourth Amendment, Freeman would likely be entitled to qualified immunity because plaintiff concedes that she was present within three feet of her son and his foster parents on August 26, 2010. Ptf SGD ¶ 38.  That fact alone would have been a sufficient basis for Freeman to seek an arrest warrant for plaintiff on the ground that plaintiff violated the restraining order.  See Malley v. Briggs, 475 U.S. 335, 344-45 (1986) ("Only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable . . . will the shield of immunity be lost.").